IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BETHANY K. SMITH                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:10CV217-B-S

CITY OF TUPELO, MISSISSIPPI                                                      DEFENDANT

## ORDER DENYING SUMMARY JUDGMENT

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion is not well taken and shall be denied.

The plaintiff, Bethany K. Smith, brings this action alleging that her employer, Tupelo Police Department, violated Title VII and subjected her to gender discrimination when it promoted police officer Jason Brockman over her to a position with the department's Narcotics Division. The defendant asserts that it promoted Brockman over the plaintiff because, among other things, he had seniority, more experience related to narcotics work, and was generally better qualified. According to the defendant, the decision was based solely on the combined interview scores of a panel of four superior officers who interviewed each of the five applicants.

The plaintiff further contends that she applied for promotions on three previous occasions and was passed over in favor of less qualified males and that the defendant's requirements for these promotions changed arbitrarily to fit its discriminatory agenda. She does not contest that these incidents are outside the applicable statute of limitations and does not seek to recover based on them but rather offers them as background evidence of a pattern of discrimination.[1]

---

[1] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002) ("[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges . .

Employment discrimination claims are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, in order to survive summary judgment, the plaintiff must establish a prima facie case of gender discrimination. *Id.* at 802. If the plaintiff meets this burden, a presumption of discrimination arises, and the employer must proffer a legitimate, non-discriminatory reason for its actions or decisions. *Id.* If the employer is able to do so, the burden shifts back to the plaintiff, who must prove at "'a new level of specificity' that the reasons articulated by the employer are not true reasons but only pretexts." *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 639 (5th Cir. 1985) (quoting *United States Postal Service Bd. of Governors v. Aikens*, 450 U.S. 248, 253-54 (1981)).

"Although the *McDonnell Douglas* framework shifts the burden of production between the plaintiff and the defendant, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Pierce v. Texas Dept. of Transportation*, No. 3:01CV2098-AH, 2002 WL 31757635, at *3 (N.D. Tex. Dec. 4, 2002) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The necessary elements of a prima facie case are not inflexible. Rather, they vary depending upon the facts of the particular case. *Thornbrough*, 760 F.2d at 641. A plaintiff may

---

. .The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts . . . . Nor does the statute bar an employee from using the prior acts as background evidence to support a timely claim."). *See also* 45C Am. Jur. 2d *Job Discrimination* § 2388 (2012) ("[T]he function of a statute of limitations is to bar stale claims, not to prevent the admission of evidence. The decision whether to admit evidence is based on its relevancy and probativeness, not on whether the evidence is derived from events that occurred before a certain time period.").

present a prima facie case of gender discrimination for failure to promote by showing "that (1)

she was not promoted, (2) she was qualified for the position she sought, (3) she was within the

protected class at the time of the failure to promote, and (4) . . . the position she sought was filled

by someone outside the protected class . . . ."  *Rutherford v. Harris County, Tex.*, 197 F.3d 173,

179 (5th Cir. 1999).  "To establish a prima facie case, a plaintiff need only make a very minimal

showing."  *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting

*Thornbrough*, 760 F.2d at 639).

The defendant refuses to concede that the plaintiff has satisfied her initial burden

because, it asserts, she has not shown that she was similarly qualified for the position.  The court

notes, however, the defendant's own acknowledgment that the plaintiff did well in the scoring

process and came in second to Brockman with a score of 108 to Brockman's 119, beating out the

other male applicants.  It thus appears somewhat disingenuous now to assert that the plaintiff

was not at least similarly qualified for the position even if the facts ultimately show that she was

not "clearly better qualified" than Brockman.  As the Fifth Circuit has noted, only "a very

minimal showing"[2] is required at the prima facie stage, and if the court views, as it must, the

contested issues of fact in the light most favorable to the plaintiff,[3] the court finds that the

plaintiff has met her burden sufficiently to proceed to the next inquiry – that is, whether the

defendant's proffered legitimate non-discriminatory reason for its action is pretext for

discrimination.

---

[2]*See Nichols*, 81 F.3d at 41, *supra*.

[3]*Floyd v. Amite County Sch. Dist.*, 581 F.3d 244, 248 (5th Cir. 2009) ("Fact questions are viewed in the light most favorable to the nonmoving party . . . .").

The plaintiff contends that not only was she qualified for the position but that she was "clearly better qualified" than Brockman. "[A] showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual." *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002). The "clearly better qualified" test is a difficult one to meet, however. "[T]he bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 357 (5th Cir. 2001) (quoting *Deines v. Texas Dept. of Protective and Regulatory Svcs.*, 164 F.3d 277, 280-81 (5th Cir. 1999)). The court is not yet convinced that the plaintiff can clear this evidentiary hurdle, but she does not have to clear it. Showing that she was "clearly better qualified" is only one method by which the plaintiff may be successful at a trial on the merits. As long as she can show that she was actually qualified for the position, thereby establishing her prima facie case, the plaintiff may use other circumstantial evidence of discrimination to show that the defendant's proffered reason is pretext. In *Vance v. Union Planters Corp.*, 209 F.3d 438 (5th Cir. 2000), the Fifth Circuit upheld a jury verdict in favor of a plaintiff alleging discriminatory failure to promote on the basis of gender despite the lack of evidence to establish that she was clearly better qualified than the male candidates. The court found that the "evidence does not, but need not, establish that Vance was 'clearly better qualified.' Rather, her circumstantial evidence, with the direct evidence . . . that her supervisor wanted to hire males, provides sufficient evidence that she was discriminated against because of sex." *Id.* at 444. While direct evidence of discrimination, present in *Vance*, is

4

lacking in the case sub judice, the court nevertheless finds material questions of fact created by the plaintiff's circumstantial evidence sufficient to send this case to trial; and, although the court is unconvinced at this point that the plaintiff was clearly better qualified than Brockman, it is likewise unconvinced that no reasonable juror could find in the plaintiff's favor.

Among the plaintiff's submissions is evidence of the subjective nature of the promotion process used by the defendant. The defendant asserts that "*most* of the scores given to the narcotics candidates were based on objective standards." The court finds, however, that while *some* of the criteria may be characterized as objective (for instance, education or seniority), others are unarguably subjective in nature (such as performance or communication skills); and the application of the criteria, whether objective or subjective, within the scoring process was clearly subjective. At least one interviewer admitted as much. When asked in his deposition why he gave Brockman a 7 in the "performance" category and the plaintiff a 6, Officer Bruce Dodson, responded, "That's just subjective." Later, the following colloquy took place:

Q. Can you tell me why you rated him higher than her?

A. No, sir. I don't have an answer for that. I didn't have the sheets in front of me altogether at the time.

Q. Uh-huh (indicating yes).

A. So – other than it's just subjective. I don't – I don't have an answer for that.

The Fifth Circuit has stated that, "[w]hile subjective criteria . . . 'may serve legitimate functions, they also provide opportunities for unlawful discrimination' . . . . As we have indicated before, an employer may not 'utilize wholly subjective standards by which to judge its employees' qualifications and then plead lack of qualification when its promotion process . . . is

challenged as discriminatory." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001) (quoting *Crawford v. Western Elec. Co.*, 614 F.2d 1300, 1315 (5th Cir. 1980)).  In the same opinion, the court later reiterated "that an employer can make employment decisions based on subjective criteria."  *Id.*  The court also noted, however, "that distinguishing legitimate employment decisions based entirely on subjective criteria and those in which subjective criteria serve as pretext for discrimination can only be made by weighing the employer's credibility." *Id.*

The court finds that "[t]here are conflicting descriptions of a muddled set of facts, and [the court] may not make credibility determinations to take the word of the city over [the plaintiff] . . . ."  *Williams v. City of Tupelo*, 414 Fed. Appx. 689, 695 (5th Cir. 2001).  For this and the foregoing reasons, the court finds that the defendant's motion for summary judgment is not well taken and shall be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion for summary judgment is hereby **DENIED**.

This, the 8th day of March, 2012.


       /s/ Neal Biggers
       **NEAL B. BIGGERS, JR.**
       **UNITED STATES DISTRICT JUDGE**