IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BETHANY K. SMITH                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 1:10CV217-B-S

CITY OF TUPELO, MISSISSIPPI                                                          DEFENDANT

## ORDER

Presently before the court is the defendant's motion in limine. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

First, the defendant moves to exclude evidence of the plaintiff's previous applications for promotions within the Tupelo Police Department and the defendant's failure to promote her in each instance – specifically, her application for a narcotics position in 2007, for the street crimes unit in 2008, and the street crimes unit again in 2009. The defendant asserts that any claims related to these incidents are unquestionably time-barred, and the plaintiff does not disagree. The plaintiff does not seek to recover on these claims but instead offers them as background evidence of a pattern or practice of discrimination, and she will be allowed to do so. While "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges . . . .[t]he existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts . . . . Nor does the statute bar an employee from using the prior acts as background evidence to support a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002). "[T]he function of a statute of limitations is to bar stale claims, not to prevent the admission of evidence. The decision whether to admit evidence is based on its relevancy and probativeness, not on whether the evidence is derived from events that occurred

before a certain time period."  45C Am. Jur. 2d *Job Discrimination* § 2388 (2012).  The defendant's motion in limine will be denied as to this evidence.

Second, the defendant seeks to exclude claims that the Tupelo Police Department's SWAT team has no female officers.  The court finds the evidence probative and further finds that the probative value outweighs any potential for prejudice to the defendant.  The court will therefore allow the plaintiff to admit the evidence, but the defendant will likewise be allowed to put on evidence that no females have applied for a position with the SWAT team.

Third, the defendant seeks to exclude testimony from other Tupelo Police Department officers that the plaintiff was a better patrol officer than Jason Brockman.  The court will not allow these officers to give their opinions in this regard but will allow them to testify as to facts based on their personal knowledge from having worked with both Brockman and the plaintiff.

Fourth, the defendant seeks to exclude claims of prior misconduct by Brockman.  Evidence of this nature will be excluded as too remote to be relevant and because the plaintiff has failed to demonstrate that evidence of the alleged misconduct was within the knowledge of the decision makers who promoted Brockman over the plaintiff.

Fifth, the defendant seeks to exclude evidence of the civil action filed by Kelvin Fair alleging excessive force by Brockman.  The court finds no relevance in evidence of a lawsuit which was settled by the defendant with no admission of liability on its part.  The evidence will therefore be excluded.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion in limine should be and the same is hereby **GRANTED in part and DENIED in part** as follows:

**DENIED as to plaintiff's previous applications for promotion;**

2

**DENIED as to claims that the Tupelo Police Department's SWAT team has no female officers;**

**GRANTED as to opinions of other officers;**

**GRANTED as to claims of prior misconduct by Brockman; and**

**GRANTED as to the civil action filed by Kelvin Fair alleging excessive force by Brockman.**

This, the 8th day of March, 2012.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE